| | |
|---|---|
| 1  KEVIN V. RYAN (SBN 118321)<br>United States Attorney<br>2  JOANN M. SWANSON (SBN 88143)<br>Chief, Civil Division<br>3<br>EDWIN L. JOE (SBN 112328)<br>4  Special Assistant United States Attorney | CASE NUMBER  1:06MS00466<br><br>JUDGE: Unassigned<br><br>DECK TYPE: Miscellanous<br><br>DATE STAMP: 10/16/2006 |

5   455 Market Street, 6th Floor
    San Francisco, California  94105-2420
6   Telephone:  (415) 744-8494
7   Facsimile:  (202) 481-1810 or (415) 744-6812
    Email:      edwin.joe@sba.gov
8
9   Attorneys for Federal Plaintiff

**FILED**

**OCT 1 6 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

10                  IN THE UNITED STATES DISTRICT COURT

11                FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                            SAN JOSE DIVISION

13

| | | |
|---|---|---|
| 14  UNITED STATES OF AMERICA, | ) | |
|        Plaintiff, | ) | **E-Filing** |
| 15 | ) | |
| | ) | |
| 16     v. | ) | Civil Case No.  C06 -04032 JW |
| | ) | |
| 17  ASPEN VENTURES III, L.P | ) | |
| | ) | |
| 18     Defendant. | ) | (Cover Page) |
| 19 | ) | |

20  //
21  //
22  //
23  //
24  //
25  //
26  //
27
28

C06 –04032 JW – STIPULATION FOR RECEIVERSHIP ORDER                                    0

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>         Plaintiff, )<br>                                )<br>         v.                      )    Civil Case No.<br>                                )<br>ASPEN VENTURES III, L.P.        )<br>                                )<br>         Defendant.              )<br>                                )<br>_____) | |

**STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP**

WHEREAS, Plaintiff, United States of America, on behalf of its agency, the United States Small Business Administration, has filed and caused to be served upon defendant, ASPEN VENTURES III, L.P., a complaint; and

WHEREAS, the parties desire to resolve the matter amicably and without further proceedings, trial or adjudication of any issue, and stipulate as follows:

1.   That defendant ASPEN VENTURES III, L.P. ("Licensee"), the holder of the U.S. Small Business Administration's ("SBA") Small Business Investment Company License No. 0979-0420, has a condition of Capital Impairment, as that term is defined under Title 13 of the Code of Federal Regulations, Part 107;

2.   That this Court has jurisdiction over the subject matter of this action and over defendant;

3.   That the only mutually agreeable method by which to distribute the assets of the Licensee to the appropriate creditors and SBA is through the appointment of SBA

**STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP**                                          1

as the receiver of the Licensee pursuant to the following Consent Order of Receivership without further proceedings; and

4. To the entry of the following Consent Order of Receivership without further proceedings.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Pursuant to the provisions 15 U.S.C. § 687c, this Court hereby takes exclusive jurisdiction of the Licensee, and all of its assets and property, of whatever kind and wherever located, and the SBA is hereby appointed Receiver of the Licensee ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshaling and liquidating all of the Licensee's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of the Licensee under applicable state and federal law, by the Limited Partnership Agreement, and By-Laws of said limited partnership, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of the Licensee are hereby dismissed and the powers of any general partners are hereby suspended during the pendency of the receivership. Such persons and entities shall have no authority with respect to the Licensee's operations or assets, except to the

extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of the Licensee and shall pursue and preserve all of its claims.

3. The Receiver is entitled to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to the Licensee. The past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of the Licensee, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to the Licensee and all of the Licensee's assets and all other assets and property of the limited partnership, whether real or personal. The Licensee's general partner shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of the Licensee, a list of all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of the Licensee, as well as the names, addresses and amounts of claims of all known creditors of the Licensee. Within thirty (30) days following the entry of this Order, the Licensee's general partner shall also furnish a written report describing all assets. All persons and entities having control, custody or possession of any assets or property of the Licensee are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of the Licensee, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing

any obligation, debt, or distribution, with respect to a partnership interest to the Licensee, shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Licensee had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of the Licensee, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, consultants and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset in the ordinary course of business, other than real estate.

6. The Licensee's past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners of the Licensee, and other appropriate persons or entities (including without limitation, the defendant's portfolio of small business concerns and

financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them and produce any documents as required by the Receiver regarding the business of said limited partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Licensee. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery request(s) in accordance with the Federal Rules of Civil Procedure.

7. The parties to any and all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving the Licensee or any assets of the Licensee, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving the Licensee, the Receiver, or any of the Licensee's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding or any such asset. All civil legal proceedings of any nature, including but not limited to bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving the Licensee or any assets of the Licensee, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving the Licensee, the Receiver, or any of the Licensee's past or present officers,

**STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP**                5

directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of the Licensee against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

8. The Licensee and its past and/or present directors, officers, managers, general or limited partners, agents, employees and other persons or entities acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of the Licensee to the detriment of the Licensee or of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder, ("Regulations"), 13 C.F.R. §107.1 et. seq.

9. The Receiver is authorized to borrow on behalf of the Licensee, from the SBA, up to $1,000,000 and is authorized to cause the Licensee to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of the Licensee,

**STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP**   6

excluding administrative expenses of the Receivership, whether currently existing or hereinafter incurred, including without limitation any claims of general or limited partners of the Licensee.

10.    This Court determines and adjudicates that SBA has made a sufficient showing that the Licensee has violated the Act and the Regulations, as alleged in the Complaint filed against the Licensee in the instant action, to obtain the relief so requested. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that the Licensee's SBIC license be revoked.

**SEEN, STIPULATED AND AGREED:**

**Aspen Ventures III, L.P., through its authorized representative**

By: _____
    E. David Crockett
Title: General Partner
    Aspen Ventures Management III, L.L.C.
    General Partner of Aspen Ventures III, L.P.

Date: _____

**United States Small Business Administration**

By: _____
    Thomas G. Morris, Director
    Office of Liquidation

Date: _____

PURSUANT TO STIPULATION, IT IS SO ORDERED,

DATED this ___4th___ day of ___October___, 2006.

_____James Ware_____
UNITED STATES DISTRICT COURT JUDGE

STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP                              7

excluding administrative expenses of the Receivership, whether currently existing or hereinafter incurred, including without limitation any claims of general or limited partners of the Licensee.

10. This Court determines and adjudicates that SBA has made a sufficient showing that the Licensee has violated the Act and the Regulations, as alleged in the Complaint filed against the Licensee in the instant action, to obtain the relief so requested. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that the Licensee's SBIC license be revoked.

**SEEN, STIPULATED AND AGREED:**

Aspen Ventures III, L.P., through its authorized representative

By: *E. David Crockett* (signature)
    E. David Crockett
Title: General Partner
      Aspen Ventures Management III, L.L.C.
      General Partner of Aspen Ventures III, L.P.

Date: 4-27-06

United States Small Business Administration

By: *Thomas G. Morris* (signature)
    Thomas G. Morris, Director
    Office of Liquidation
Date: 04-28-06

**PURSUANT TO STIPULATION, IT IS SO ORDERED,**

DATED this _____ day of _____, 2006.

_____
UNITED STATES DISTRICT COURT JUDGE

**STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP**　　　7

ADR E-filing

FILED
OCT 16 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



ORIGINAL FILED

JUN 29 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

KEVIN V. RYAN (SBN 118321)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
EDWIN L. JOE (SBN 112328)
Special Assistant United States Attorney

455 Market Street, 6th Floor
San Francisco, California 94105-2420
Telephone:    (415) 744-8494
Facsimile:    (202) 481-1810 or (415) 744-6812
Email:        edwin.joe@sba.gov

Attorneys for Federal Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> ASPEN VENTURES III, L.P. <br> Defendant. | Civil Case No. C06-04032 JW HRL <br><br> Complaint for Receivership and Injunction |

**COMPLAINT FOR RECEIVERSHIP AND INJUNCTION**

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.  This is a civil action bought by the United States on behalf of its agency, the U.S. Small Business Administration (hereinafter, "SBA," "Agency," or "Plaintiff"), whose central

COMPLAINT FOR RECEIVERSHIP AND INJUNCTION                                              1

1. office is located at 409 Third Street, S.W., Washington, DC 20416. The Defendant has consented to the requested relief.

2. Jurisdiction is conferred on this Court pursuant to sections 308(d), 311, and 316 of the Small Business Investment Act, as amended; 15 U.S.C. §§ 687(d), 687c, 687h; the Small Business Act, 15 U.S.C. § 634(b)(1); and 28 U.S.C. § 1345.

3. Defendant, Aspen Ventures III, L.P. (hereinafter "Aspen III," "Licensee," or "Defendant"), is a Delaware limited partnership formed on or about November 10, 1998 that maintains its principal place of business at 1000 Fremont Avenue, Suite 200, Los Altos, California 94024. Venue is proper under 15 U.S.C. §§ 687(d), 687h and 28 U.S.C. § 1391(b).

## STATUTORY AND REGULATORY FRAMEWORK

4. The purpose of the Small Business Investment Act of 1958, as amended, (hereinafter the "Act") is to improve and stimulate the national economy, and small businesses in particular, by stimulating and supplementing the flow of private equity capital and long-term loan funds which small businesses need for sound financing of their operations and growth. 15 U.S.C. § 661.

5. Congress authorized the SBA to carry out the provisions of the Act and to prescribe regulations governing the operations of Small Business Investment Companies (hereinafter "SBIC"). 15 U.S.C. § 687(c). SBA duly promulgated such regulations, which are set forth at Title 13 of the Code of Federal Regulations, Part 107 (hereinafter the "Regulations").

6. An SBIC is a corporation, a limited liability company, or a limited partnership organized solely for the purpose of performing the functions and conducting the activities contemplated under the Act. 15 U.S.C. § 681(a). SBA is responsible for licensing SBICs. Id. at § 681(c).

**COMPLAINT FOR RECEIVERSHIP AND INJUNCTION**                                         2

7. An SBIC has the authority to borrow money, issue securities, promissory notes, or other obligations under such conditions and limitations as regulated by SBA. SBA is authorized to provide Leverage to SBICs through the purchase, or guarantee of payment, of debentures or participating securities issued by SBICs. 15 U.S.C. §§ 683(a) and (b).

8. Leverage provided to an SBIC in the form of Participating Securities is subject to the Regulations, including but not limited to the provisions of 13 C.F.R. §§ 107.1820-1850 and § 107.507. Section 107.1830 of the Regulations sets forth the maximum amount of capital impairment that an SBIC licensee may have based on the percentage of equity capital investments in its portfolio and its ratio of outstanding leverage to leverageable capital.

9. If an SBIC violates, or fails to comply with, any of the provisions of the Act or Regulations, all of its rights, privileges, and franchises may be forfeited and the company may be declared dissolved. 15 U.S.C. § 687(d).

10. Section 311 of the Act provides that if SBA determines that an SBIC licensee has engaged, or is about to engage, in any act or practices which constitute, or will constitute, a violation of the Act or Regulations, the SBA may seek, from the appropriate United States District Court, an order enjoining such act or practices, and upon a showing by the SBA that such licensee has engaged, or is about to engage, in any such act or practices, a permanent or temporary injunction, restraining order, or other order, shall be granted without bond. In addition, the Court is authorized to appoint SBA to act as receiver for such licensee. 15 U.S.C. § 687c.

## STATEMENT OF FACTS

12. Paragraphs 1 through 11 are incorporated herein by reference.

COMPLAINT FOR RECEIVERSHIP AND INJUNCTION                               3

13. SBA licensed Defendant as an SBIC pursuant to 15 U.S.C. § 681(c) on or about September 16, 1999, under SBA License No. 0979-0420, solely to do business under the provision of the Act and the regulations promulgated thereunder.

14. Defendant's general partner is Aspen Ventures Management III, L.L.C.

15. Defendant's Limited Partnership Agreement acknowledges that Defendant was required at all times to be operated in accordance with the Act and Regulations.

16. In accordance with Section 303 of the Act, SBA provided funds to Defendant through the purchase and/or guaranty of Participating Securities, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $41,800,000 as follows:

| Loan Number | Principal Balance | Date Disbursed | Rate |
|---|---|---|---|
| 0209151-00 | 6,600,000 | 11-29-1999 | 8.017 |
| 02029152-09 | 3,300,000 | 05-24-2000 | 7.449 |
| 02029153-07 | 3,300,000 | 08-02-2000 | 7.449 |
| 02029154-05 | 3,300,000 | 09-26-2000 | 6.640 |
| 02032951-06 | 2,500,000 | 02-27-2001 | 6.344 |
| 02032952-04 | 800,000 | 06-15-2001 | 6.344 |
| 02032953-02 | 1,500,000 | 08-29-2001 | 6.030 |
| 02032954-00 | 1,800,000 | 10-23-2001 | 6.030 |
| 02032955-09 | 3,300,000 | 01-30-2002 | 6.030 |
| 02032956-07 | 2,000,000 | 07-03-2002 | 5.199 |
| 02044551-08 | 1,250,000 | 10-15-2002 | 4.524 |
| 02032957-05 | 100,000 | 01-24-2003 | 4.524 |
| 02044552-06 | 900,000 | 02-12-2003 | 5.136 |
| 02044553-04 | 1,500,000 | 03-26-2003 | 5.136 |
| 02044554-02 | 850,000 | 10-03-2003 | 4.504 |
| 02048351-04 | 5,500,000 | 12-19-2003 | 4.504 |
| 02048352-02 | 3,300,000 | 06-04-2004 | 4.754 |
|  | 41,800,000 |  |  |

**COMPLAINT FOR RECEIVERSHIP AND INJUNCTION**                                              4

17. To date, the entire principal balance of $41,800,000 of the Participating Securities remains outstanding.

18. Section 107.1830(c) of the Regulations requires that Defendant not have a condition of Capital Impairment of greater than 60%, as that term is defined under the Regulations.

19. Based on Defendant's financial statements (SBA Form 468) for the period ending September 30, 2004, SBA determined that Defendant had a condition of Capital Impairment, as that term is defined under the Regulations, of 123.19%.

20. By letter dated March 16, 2005, SBA notified Defendant that it was being placed in Restricted Operations, due to its condition of Capital Impairment, and that remedies pursuant to 13 C.F.R. § 107.1820(f) were being imposed. SBA gave Defendant an opportunity to cure its condition of Capital Impairment within fifteen (15) days from the date of that letter.

21. Defendant failed to cure its condition of Capital Impairment within the permitted time and, consequently, SBA transferred Defendant to liquidation status on April 19, 2005.

22. Based on Defendant's financial statements (SBA Form 468) for the period ending September 30, 2005, Defendant had a condition of Capital Impairment, as that term is defined under the Regulations, of 133.71%.

## COUNT ONE

### CAPITAL IMPAIRMENT

23. Paragraphs 1 through 22 are incorporated herein by reference.

24. To date, Defendant has failed to cure its condition of Capital Impairment, as defined under the Regulations, and the principal balance of $41,800,000 of Participating Securities purchased by the SBA remains outstanding.

COMPLAINT FOR RECEIVERSHIP AND INJUNCTION                                         5

25. Defendant's failure to cure its condition of Capital Impairment is non-compliance with the terms of its Leverage and a violation of §107.1830(b) of the Regulations.

26. Defendant's failure to cure its condition of Capital Impairment is nonperformance of the requirements of the Participating Securities as well as Defendant's Application for SBIC License and a violation of § 107.507(a) of the Regulations.

27. SBA has determined that Defendant is not in compliance with the terms of its Leverage due to its uncured condition Capital Impairment and, therefore, the Licensee is in violation of §§ 107.1830(b) and 507(a) of the Regulations.

28. As a consequence of Defendant's violation of §§ 107.1830(b) and 507(a) of the Regulations, the SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §§ 687(d) and 687c, including the appointment of the SBA as Receiver of Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays as follows:

A. That this Court grant injunctive relief, both preliminary and permanent in nature, restraining Defendant, its managers, general partners, directors, officers, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of Defendant's funds; (2) using, investing, conveying, disposing, executing, or encumbering in any fashion, any funds or assets of Defendant, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder.

B. That this Court determine and adjudicate Defendant's non-compliance with and violation of the Act and the Regulations promulgated thereunder.

1         C.      That this Court, pursuant to 15 U.S.C. § 687c, take exclusive jurisdiction of Defendant and all of its assets, wherever located, appoint the SBA as receiver of Defendant for the purpose of marshaling and liquidating the assets of Defendant and satisfying the claims of creditors as determined by the Court, and such other relief as contained in the Order filed simultaneously herewith.

        D.      That this Court grant such other relief as may be deemed just and equitable.

Respectfully submitted,

KEVIN V. RYAN  
UNITED STATES ATTORNEY

Dated:   June 29, 2006     By:    /s/ Edwin L. Joe  
                                                  EDWIN L. JOE  
                                                SPECIAL ASSISTANT UNITED STATES ATTORNEY

Of Counsel:

BEVERLEY HAZLEWOOD LEWIS  
TRIAL ATTORNEY  
U.S. Small Business Administration  
409 Third Street, S.W., Suite 7200  
Washington, D.C. 20416  
Phone (202) 619-1605  
Fax (202) 481-0468

**COMPLAINT FOR RECEIVERSHIP AND INJUNCTION**         7

1  C. That this Court, pursuant to 15 U.S.C. § 687c, take exclusive jurisdiction of
2  Defendant and all of its assets, wherever located, appoint the SBA as receiver of Defendant for
3  the purpose of marshaling and liquidating the assets of Defendant and satisfying the claims of
4  creditors as determined by the Court, and such other relief as contained in the Order filed
5  simultaneously herewith.
6
7  D. That this Court grant such other relief as may be deemed just and equitable.
8  Respectfully submitted,
9  KEVIN V. RYAN
   UNITED STATES ATTORNEY
10
11 Dated: June 29, 2006    By: /s/ Edwin L. Joe
12                              EDWIN L. JOE
                                SPECIAL ASSISTANT UNITED STATES ATTORNEY
13
14 Of Counsel:
15
   BEVERLEY HAZLEWOOD LEWIS
16 TRIAL ATTORNEY
   U.S. Small Business Administration
17 409 Third Street, S.W., Suite 7200
   Washington, D.C. 20416
18 Phone (202) 619-1605
19 Fax (202) 481-0468

COMPLAINT FOR RECEIVERSHIP AND INJUNCTION                                        7